IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                             ORDER

      v.                                        04-CR-47-WMC-01

Daniel R. Elmer,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Daniel R. Elmer's supervised release was held on May 5, 2011, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Rita M. Rumbelow. Defendant was present in person and by Attorney David L. Mandell. Also present was Senior U.S. Probation Officer Helen Healy Raatz

From the record I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on June 3, 2004, following his conviction for bank robbery, in violation of 18 U.S.C. § 2113(a). This offense is a Class C felony. He was sentenced to the custody of the Bureau of Prisons to serve a term of imprisonment of 68 months, to be followed by a 36-month term of supervised release.

On August 14, 2009, defendant began his term of supervised release. On May 30, 2010, and March 11, 2011, he violated Special Condition No. 3, requiring him to abstain

from the use of alcohol, when he consumed alcohol to excess. On August 18, 2010, he violated Standard Condition No. 7, requiring him to refrain from the use of illegal drugs, when he consumed crack cocaine. On March 11, 2011, he violated a Mandatory Condition prohibiting him from committing a new criminal offense, when he was arrested for operating a motor vehicle while intoxicated.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it, or modify the conditions of release upon a finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations are serious but his response to them warrants a sentence below the advisory guidelines.

Defendant's criminal history category is III. With a Grade C violation and a criminal history category of III, defendant has an advisory guideline term of imprisonment range of 5 to 11 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentence previously was a Class C felony.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on June 3, 2004, is continued and a status hearing will be held in one month for defendant to

report his progress in maintaining sobriety. All standard and special conditions of supervised release previously imposed shall remain in effect.

Entered this 5th day of May, 2011.

BY THE COURT:

William M. Conley
U.S. District Judge
